IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| DAZHON LESLIE DARIEN | * | CRIMINAL NO. JKB-25-020 |
| | * | |
| Defendant. | * | |
| | * | |

*******

**CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Comes now the United States of America, by and through its undersigned attorneys, and moves the Court to exclude time on the Speedy Trial clock in the above-captioned matter from February 10, 2026, through March 11, 2026. In support of the Motion, the government states as follows:

1. On January 27, 2025, a Criminal Complaint was submitted and authorized by the Honorable Erin Aslan, Magistrate Judge for the United States District Court for the District of Maryland, against Dazhon Darien. The Criminal Complaint charged him with sexual exploitation of a child, in violation of 18 U.S.C. §2251(a) and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). ECF 1. He was arrested and had his initial appearance on the same date. ECF 4. On January 30, 2025, Darien, was ordered detained following a detention hearing. ECF 13.

2. On February 5, 2025, a federal grand jury returned an Indictment charging the defendant with sexual exploitation of a child, in violation of 18 U.S.C. §2251(a), coercion and enticement, in violation of 18 U.S.C. §2422(b), receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. §2252A(a)(5)(B). (ECF No. 15).

3. On February 27, 2025, Darien had an initial appearance and arraignment on the Indictment. ECF 24. At the arraignment, a motions deadline was set for March 20, 2025. A status and scheduling conference was set for March 27, 2025 at 10:00 a.m.

4. On February 27, 2025, the parties had a Rule 16.1 Discovery conference, pursuant to Standing Order 2020-01. The parties have agreed to the terms of an initial Protective Order, and the Protective Order was signed by the Court on March 3, 2025. On February 28, 2025, the Court has excluded time under the Speedy Trial Act from February 28, 2025 through May 27, 2025 (ECF No. 27).

5. On March 27, 2025, following a status call with the parties, the Court stayed deadlines relating to pretrial motions and scheduled a status and scheduling conference call for May 28, 2025.

6. The government provided discovery to defense counsel on March 18, 2025, April 17, 2025, May 28, 2025, June 3, 2025, June 27, 2025, July 29, 2025, August 12, 2025 and August 22, 2025. Discovery in this case includes numerous device and social media downloads, many of which may contain contraband. Accordingly, the discovery materials in this case are voluminous, and due to the nature of the evidence in this case, defense counsel will need to arrange for in-person visits to a government facility to view many of the files that are the subject of the counts in the indictment. The government will continue to provide other materials as soon as received. In addition to enabling the defense to review the discovery materials, the parties are also anticipating discussing the potential of resolving the case short of trial. The charges at issue are serious carry significant penalties, including mandatory minimum sentences of incarceration. A plea disposition would serve the ends of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise

be expended in a trial. Defense counsel needs additional time to review discovery and to speak with his client. As such, the parties desire an exclusion of time to enable the further production and review of discovery, and to engage in plea discussions before the trial commences.

7. On May 20, 2025, defense counsel filed a letter with the Court requesting additional time to schedule an evidence review, continue to review previous and recent disclosures. The Court rescheduled the conference call from May 28, 2025, to July 1, 2025, at 5:30 pm.

8. On July 1, 2025, the Court held a conference call with the parties, who represented that the parties are in active plea negotiations, and that an additional 30 days was needed to determine if the case would require a trial or would resolve pretrial. The Court set a conference call for August 6, 2025. The Court issued an Order tolling the speedy trial clock through August 6, 2025. ECF 39.

9. On August 6, 2025, the Court held a conference call with the parties, who represented that the parties are in active plea negotiations. The defense represented that additional time was needed to determine if the case would require a trial or would resolve pretrial. The Court set a conference call for September 24, 2025.

10. On September 22, 2025, the defendant filed a letter notifying the Court that the defendant is requesting new counsel. ECF 43. On September 23, 2025, this Court referred the case to a magistrate judge for an attorney inquire hearing and cancelled the September 24, 2025 conference call. ECF 44, 45.

11. On September 24, 2025, the Court issued an Order tolling the speedy trial clock through October 24, 2025. ECF 47.

12. On October 17, 2025, an attorney inquiry hearing was held before Magistrate J. Mark Coulson. Following the hearing, defense counsel Andrew Szekely informed government

counsel that he would be withdrawing from the case and new counsel would be appointed. On October 24, 2025, new counsel, Julie Reamy, entered an appearance on behalf of the defendant. On October 28, 2025, the Court issued an Order tolling the speedy trial clock through November 24, 2025. ECF 51.

13. On December 10, 2025, the government filed a Motion to Admit Evidence Pursuant to Rule 404(b), and as Intrinsic Evidence to the Charged Counts. ECF 52. Delay resulting from the filing of pre-trial motions will automatically toll the Speedy Trial clock in this case. 18 U.S.C. § 3161(h)(1)(D). The period between the filing of motions, and the disposition of those motions is excludable from the Speedy Trial calculation under Title 18, United States Code, Section 3161(h)(1)(D). On December 11, 2025, the Court issued an Order tolling the speedy trial clock through January 9, 2026. ECF 54. On January 9, 2026, the Court issued an Order tolling the speedy trial clock through February 9, 2026. ECF 57.

14. The undersigned has contacted counsel for defendant Dazhon Darien, who informed government counsel that additional time is needed to review the evidence and consult with the defendant regarding the possibility of a pretrial resolution.

15. The government respectfully requests that the Court issue an Order tolling the speedy trial clock for from today, February 10, 2026 through March 11, 2026, to provide sufficient time for (1) the government to continue the production of discovery; (2) the parties to arrange for in-person visits for defense counsel to inspect digital evidence; and (3) the defense attorney to consult with the defendant, review discovery, prepare and file pretrial motions, and prepare for trial.

16. The ends of justice served by the exclusion of time under the Speedy Trial Act from February 10, 2026 through March 11, 2026 outweighs the interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

17. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the speedy trial time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A specifically enumerated factor to consider when weighing a request to exclude time under 18 U.S.C. § 3161(h)(7)(A) is, "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Another consideration is, "Whether the case is so unusual or so complex, due to the number of the defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

18. Based on the foregoing, the interests of the defendants and the public will be served by the exclusion of time under the Speedy Trial Act clock from February 10, 2026 through March 11, 2026, inclusive. The continuance will enable defense counsel to review the discovery, as well as for the parties to explore a possible resolution short of trial.

19. In light of the foregoing, the government respectfully requests that this Court enter an Order finding that the interests of justice served by excluding time under the Speedy Trial Act from February 10, 2026 through March 11, 2026 outweighs the defendants' and the public's interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

20. Counsel for defendant Dazhon Darien consents to the exclusion of time from February 10, 2026 through March 11, 2026.

21. A proposed Order is enclosed.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/ Paul E. Budlow
Paul E. Budlow
Assistant United States Attorney